CANNELLA, Judge.
The State of Louisiana, through the Department of Health and Human Resources, Office of Family Security, on behalf of Lynette Gray (Gray), appeals from the trial court judgment which dismissed the paternity action against the defendant, Keith Hogan (Hogan). For the reasons which follow, we affirm.
On October 16, 1990, Gray applied for support enforcement services through the State of Louisiana under Title 40 of the Louisiana Revised Statutes. The application named Hogan as the absent parent of her child, Sean Gray. Hogan was notified that an investigation was ongoing and that he should meet with Mr. Colgan, a support enforcement services investigator. Hogan was informed of the allegations of Gray that he was the father of her child. He was asked and agreed to submit to an HLA blood test. The test was conducted and the results indicated a 99.99% probability that he was the father of Gray’s child. The State filed a motion to determine paternity and, after discovery and delays, trial was held on April 23, 1992.
Gray testified that she met Hogan while she was walking and he was jogging under the Hale Boggs bridge, on the eastbank, in St. Charles Parish. They exchanged pleasantries. A short time later, they accidently met again and this time they exchanged telephone numbers. Gray testified that they dated a few times and had sexual relations three times at Hogan’s apartment between December 1989 and February 1990. The child was born 7⅛ months later.
Gray knew many details about Hogan’s family, employment and residence, including several details about the inside of his apartment. Gray admitted that she also had sexual relations with her ex-fiancee, during the conception period, but that she knew he was not the father of the child. The HLA blood test result was introduced into evidence.
Hogan testified that he did not know Gray, had never seen her before, did not date her and never had sexual relations with her. He testified that the first time he heard her name was when he went to Mr. Colgan’s office and was told of her allegations. He did confirm the details that Gray gave about his family, employment and residence.
After hearing these two contradictory stories, the trial court noted that the burden of proof was on the state, to prove its case by a preponderance of the evidence, *683 and ruled that the state had not met its burden. The trial court dismissed the paternity action by judgment dated May 27, 1992. It is from this Judgment that the state appeals.
The state argues on appeal that the trial court erred in dismissing the paternity action because the evidence weighs heavily in favor of a finding of paternity. Hogan argues that the trial court made a credibility determination that should not be overturned absent a finding of manifest error.
The determination of whether there has been sufficient proof of descent from an alleged parent is a question of fact. State v. Montgomery, 574 So.2d 1297 (La.App. 3rd Cir.1991), writs denied, 577 So.2d 38 (La.1991); State in the Interest of Braden v. Nash, 550 So.2d 866 (La.App. 2nd Cir.1989). A petitioner’s burden of proof in a paternity action is by a preponderance of the evidence. Scientific testing alone is not sufficient to prove paternity, but it is persuasive and objective proof that can help establish paternity. High paternity indices have been upheld as reliable where there was other sufficient corroborating evidence of paternity introduced at trial. State v. Montgomery, supra.
Here, the trial court considered the evidence of both the state and Hogan, believing the testimony of both Gray and Hogan. He found that the state had not borne its burden of proof and dismissed the paternity action.
Based on the totality of the evidence and in light of the trial judge’s broad discretion in evaluating the credibility of witnesses and determining factual issues, we cannot say that the trial judge was clearly wrong or manifestly erroneous in his finding that the state failed to meet its burden of proof. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978).
Accordingly, the judgment of the district court, dismissing the paternity action against Hogan, is affirmed.
AFFIRMED.